UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON PETTINATO,

                Plaintiffs,

                                    Case No.: 16-14419

v.                                   Honorable Gershwin A. Drain


PROFESSIONAL PARENT CARE., *et al*.,

                Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER ADDING COUNTERCLAIM [#23]

### I.      INTRODUCTION

Presently before the Court is the Defendants' Motion for Leave to Amend Answer Adding Counterclaim, filed on December 1, 2018. Plaintiff has filed a Response in Opposition and Defendants filed a Reply in support of their present motion. A hearing on this matter was held on February 20, 2018. For the reasons that follow, the Court will grant Defendants' present motion.

### II.     FACTUAL BACKGROUND

The pertinent facts giving rise to the instant action have already been addressed by the Court in an earlier opinion and order. Accordingly, the Court will only discuss those facts relevant to the resolution of Defendants' present motion.

Plaintiff filed her First Amended Complaint alleging sexual harassment and retaliation in the workplace on February 2, 2017. Defendants filed their Answer and Affirmative Defenses on February 16, 2017. During the course of discovery, Plaintiff produced ten audio and five video recordings. One of the video recordings is of Defendant Morris Huppert in his bedroom. Another video was from a meeting between Plaintiff and Defendant Linden concerning Plaintiff's sexual harassment allegations against Huppert.

Defendants maintain that these video recordings violates Michigan law, specifically Mich. Comp. Laws § 750.539 *et seq*., and Defendants seek to add a counterclaim for violation of this statute.

## III.   LAW & ANALYSIS

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It states in relevant part:

**(a)   Amendments Before Trial**.

(1) ***Amending as a Matter of Course***.   A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it,

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments***.   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's

leave.  The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a).  Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).  Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 519 (6th Cir. 2001).

Here, there is no evidence of undue delay, bad faith, undue prejudice or that amendment will be futile.  In her response, Plaintiff only raises the sole issue of futility as the basis for denying Defendants' present motion.  However, Plaintiff's Response fails to address the proposed claim that Defendants' actually advance. Rather, Plaintiff spends her brief discussing the legality of making and using an audio recording, which is not at issue here, as well as federal wiretapping law, which is also not relevant to Defendants' proposed counterclaim.  Plaintiff has failed in her burden to demonstrate that amendment should be denied.  *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 91 (D.C. Cir. 2005) (non-movant bears the burden of showing why amendment should be disallowed).

## IV.   CONCLUSION

For the reasons articulated above, Defendants' Motion for Leave to Amend Answer Adding Counterclaim [#23] is GRANTED.

SO ORDERED.

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 20, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk