UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLISON PETTINATO,

        Plaintiff,

v.

Case No.: 16-cv-14419
Honorable Gershwin A. Drain

PROFESSIONAL PARENT CARE, a
Michigan Corporation, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS [#35] AND GRANTING MOTIONS TO WITHDRAW [#37, 41]

### I. INTRODUCTION

Presently before the Court is the Plaintiff Allison Pettinato's Motion for Dismissal of both counts of Defendants Professional Parent Care's and Sanford Linden's Counterclaim, filed on March 15, 2018.[1] Defendants' filed a Response in Opposition on April 5, 2018. Also before the Court is counsel's Motion to Withdraw for Defendants Professional Parent Care, Inc. ("PPC") and Sanford Linden and for Stay of Proceedings, filed on March 26, 2018. Additionally, Laura Brodeur-McGeorge has also filed a Motion to Withdraw as Counsel, filed on April

---

[1] Plaintiff failed to seek concurrence before filing the instant motion in violation of E.D. Mich. L.R. 7.1(a).

6, 2018. Plaintiff has failed to file a Response to the pending motions to withdraw, and the time for doing so has passed. *See* E.D. Mich. L.R. 7.1(e)(2). On May 2, 2018, counsel submitted a Stipulation and Consent for Substitution of Attorneys indicating that counsel stipulates and consents to the substitution of Bogas & Konscius, P.C. as attorneys for PPC and Linden. *See* Dkt. No. 43. On May 3, 2018, Kathleen L. Bogas and Brian E. Koncius filed their appearances on behalf of these Defendants. *See* Dkt. Nos. 44 and 45.

Upon review of the parties' filings, the Court concludes that oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the instant motions on the briefs and cancels the hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Plaintiff's Motion for Dismissal, and will grant both Motions to Withdraw. However, because Defendants have obtained substituted counsel, their request for a stay of the instant proceedings is unwarranted and will be denied.

## II. FACTUAL BACKGROUND

The facts giving rise to the instant matter have been set forth in previous orders. *See* Dkt. Nos. 18, 33. Thus, the Court will only discuss the facts necessary for resolution of the motions presently before it.

Plaintiff's Complaint raises allegations of discrimination, retaliation and

hostile work environment under Title VII and the Elliot Larson Civil Rights Act stemming from her employment as a caregiver at Defendant Professional Parent Care ("PPC"). Defendant Sanford Linden is the owner of PPC. Plaintiff maintains that she was assigned as a caregiver to Defendant Morris Huppert, who she alleges sexually assaulted and harassed her during her work shifts at his home. When she complained to PPC and Linden, she was constructively discharged.

On December 1, 2017, Defendants filed a Motion for Leave to Amend Answer Adding Counterclaim. Defendants sought to add a Counterclaim for violation of Michigan statutory law, MICH. COMP. LAWS § 750.539 *et seq.*, based on Plaintiff's secret video recording of Huppert during her work shift and of a conversation she had with Linden and another PPC employee. The Court granted Defendants' Motion on February 20, 2018. In granting the motion, the Court wholly rejected the arguments Plaintiff raised in her opposition brief to Defendants' Motion for Leave to Amend.

### III. LAW & ANALYSIS

#### A. Motion for Dismissal

In her present motion, Plaintiff asserts that Defendants' Counterclaim should be dismissed. However, Plaintiff merely reasserts the same arguments that have already been considered and rejected by this Court in its Order Granting

Defendants' Motion for Leave to Amend Adding Counterclaim. Plaintiff's recent filing fails to advance any new arguments in support of her contention that Defendants' Counterclaim is without merit, nor does she provide any new case law in support of her frivolous motion. As such, her present motion is really an untimely, as well as unmeritorious motion for reconsideration and is due to be denied.

Plaintiff continues to rely on *Dickerson v. Raphael*, 222 Mich. App. 185, 188; 564 N.W.2d 85 (1997), which has no applicability to the video recordings at issue here. *Dickerson* concerned a secret audio recording, transmission and broadcast of conversations between a woman and her children. Additionally, in *Lewis v. LeGrow*, 258 Mich. App. 175; 670 N.W.2d 675 (2003), the Michigan Court of Appeals held that MICH. COMP. LAWS § 750.539 *et seq.* properly prohibits secret videotaping of a third party as invasive of individual privacy.

Here, Defendants' Counterclaim concerns Plaintiff's secret video recording of Linden and another PPC employee in a private office, as well as of Huppert in his home. Plaintiff's case law fails to support her position that dismissal is warranted. Because Plaintiff fails to advance any authority actually supportive of her position, the Court declines to determine at this juncture whether an adverse inference should be drawn regarding her invocation of the Fifth Amendment at her

March 2018 deposition as argued by Defendants.

### B. Motions to Withdraw

Defendants' primary counsel, Sue Ellen Eisenberg and Kerry Cahill (hereinafter the "Eisenberg firm"), seek to withdraw from representing the Defendants because Defendants have not paid their outstanding balance since October of 2017. Moreover, the Eisenberg firm asserts that it has recently become apparent that Defendants have no intention of paying their outstanding balance nor do they possess the resources to pay their attorneys moving forward.

The Court has discretion to grant leave to withdraw as counsel. *United States v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001). Michigan law recognizes a lawyer's right to withdraw if a client fails to pay the lawyer's fees and expenses. Michigan Rule of Professional Responsibility 1.16(b)(4) and (5) states:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

Here, Defendants represented to the Eisenberg firm that payment would be received early this year. However, counsel has yet to receive any payment toward the outstanding balance. In March of this year, the Eisenberg firm notified Defendants that if payment was not received, counsel would be forced to withdraw from representation.

The Eisenberg firm also asserts that in addition to the unreasonable financial burden posed by Defendants' failure to remit payment for six months; Defendants will not be prejudiced by the withdrawal. Discovery is nearly complete, with only several of Plaintiff's noticed depositions outstanding. Moreover, substitute counsel has already filed notices of appearance in the instant matter.

Additionally, Laura Brodeur-McGeorge has moved to withdraw from representing the Defendants, who was of-counsel to the Eisenberg firm when she filed her notice of appearance in this matter. However, on February 28, 2018, Ms. Brodeur-McGeorge left her position with the Eisenberg firm and has no present attorney-client relationship with Defendants.

Based on the foregoing, the Eisenberg firm and Attorney Brodeur-McGeorge will be permitted to withdraw from representing Defendants PPC and Linden in these proceedings.

## IV.  CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion for Dismissal [#35] is DENIED and Defendants' Motions to Withdraw [#37] [#41] are GRANTED.

SO ORDERED.

Dated:  May 8, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 8, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk